FILED
U.S. DISTRICT COURT
26 PM 4:46
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. CR407-006 |
| | ) | |
| JOSHUA M. HADDEN, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress an out-of-court eyewitness identification on the grounds that it was unnecessarily and impermissibly suggestive. Doc. 17. The government asserts that the identification process employed here was not suggestive in any way and that the identification is valid. Doc. 18. The Court held a hearing on this motion March 20, 2007, but did not receive evidence since the critical facts surrounding the identification are not in dispute and the matter can be resolved on the record alone.

On August 18, 2006 around 2:46 a.m., Officer Dean Hall of the Savannah-Chatham Metropolitan Police Department observed a four-wheeler traveling south along the roadway without headlights.[1] Officer Hall followed the four-wheeler and eventually observed it sitting at the entrance to Gould Elementary School, where the driver was attempting to re-start the engine. As Officer Hall pulled into the school parking lot and was about to get out of his patrol car, the driver started the four-wheeler and drove though the school parking lot and into the woods. Officer Hall noticed a bag fall from the four-wheeler as it drove over a speed bump in the parking lot before heading into the woods. Hall drove to the wood line in an attempt to locate the four-wheeler, but when he was unable to determine the driver's location, he went to investigate the bag that had fallen from the vehicle. He discovered crack cocaine, a firearm, a set of scales, and a spoon inside the bag.

Although Officer Hall did not interact with the driver of the four-wheeler, he came within ten feet of him and stated that he would be able to

---

[1] This background is derived from the police reports of this incident attached to both defendant's motion and the government's response. Doc. 17, Exs. A-C; Doc. 18, Exs. A-C.

identify the driver with certainty if he saw the driver again. As part of his investigation of the incident, Agent Epley with the Savannah-Chatham Counter Narcotics Squad presented Officer Hall with a photo lineup consisting of six individuals suspected of being the driver of the four-wheeler. Defendant's picture was not included among these photos. After viewing this initial array, Officer Hall indicated that none of the individuals pictured was the driver of the four-wheeler, and he informed the investigating agent that the suspect was heavier than the individuals pictured in this array. Agent Epley subsequently presented Officer Hall with a second lineup of six different individuals, this time including defendant's picture. From that array, Officer Hall identified defendant as the driver of the four-wheeler. Officer Hall was then asked to look at additional photos of defendant on a computer database in order to confirm his identification. Officer Hall indicated that he was certain of his identification.

The admissibility of identification testimony where the witness made an out-of-court identification is governed by a two-step analysis. Cikora v. Dugger, 840 F.2d 893, 895 (11th Cir. 1988). The Court must initially

determine whether the original identification procedure was unduly suggestive. If the procedure was not impermissibly suggestive, that ends the inquiry. Id. at 895-96. If the identification procedure was suggestive, the Court must then assess whether, under the totality of the circumstances, the identification was nonetheless reliable. Id. at 895. In making this assessment, the Court must consider the five factors identified by the Supreme Court in Neil v. Biggers, 409 U.S. 188, 199 (1972) (opportunity to view, degree of attention, accuracy of the description, level of certainty, and length of time between the crime and the identification).

In preparing to consider defendant's motion, the Court scheduled an evidentiary hearing in order to receive evidence of the factors surrounding the identification. A review of the parties' filings, however, led the Court to question whether an evidentiary hearing was necessary, as the parties did not dispute the circumstances surrounding the identification and since defendant merely seemed to be questioning the accuracy of Officer Hall's identification and the more general problems with eyewitness identifications. "The Constitution does not impose a *per se* rule requiring an evidentiary hearing in every case." United States v. Brown, 441 F.3d

4

1330, 1350 (11th Cir. 2006) (citing Watkins v. Sowders, 449 U.S. 341, 349 (1981)) (emphasis in original). Specifically, "'[a]n evidentiary hearing is not required where none of the critical facts are in dispute and the facts as alleged by the defendant if true would not justify the relief requested.'" United States v. Smith, 546 F.2d 1275, 1279-80 (5th Cir. 1977) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). In light of these considerations, the Court decided that it had enough information before it to decide the motion without holding an evidentiary hearing.

The parties agree on the sequence of events that led to the identification of defendant, and the government has provided the Court with a color reproduction of both of the initial photo array presented to Officer Hall, from which he was unable to make an identification, as well as the second photo array from which Officer Hall identified defendant. Both arrays feature six white males with similar features. Defense counsel conceded at the hearing that the investigators did a "fairly decent job" compiling the lineup. These facts do not support defendant's contention that the identification procedure was impermissibly suggestive, and defendant has failed to proffer any evidence that might lead the Court to a

to a different conclusion. Both of the photo arrays were comprised of six white males of the same approximate age and with the same complexion, hair, and build as defendant. Officer Hall indicated that he could positively identify defendant upon seeing his picture, and he informed Agent Epley after the initial array that the individual he had observed operating the four-wheeler was not in the lineup. After viewing the second array, Officer Hall identified defendant and confirmed his identification by looking at further photographs of defendant through a computer database. There is simply no evidence that indicates the identification procedure was suggestive in any way. Defendant's motion to suppress should be DENIED.

**SO REPORTED AND RECOMMENDED** this 26th day of March, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA