UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.                                    407CR006

JOSHUA HADDEN

# ORDER

In 2007, Joshua Hadden pled guilty to possession with intent to distribute a quantity of cocaine base and a quantity of cocaine hydrochloride. Doc. # 33. This Court sentenced him to 151 months' imprisonment. Doc. # 40. Hadden did not appeal.

He has now filed what he styles as a "Motion Pursuant To Rule 36 To Correct The Judgment Of This Court." Doc. # 66. Hadden essentially argues that this Court should correct its judgment against him by granting credit for time he spent in state custody "beginning September 7, 2007." *Id.* at 3. The government opposes, Doc. # 69, and Hadden has filed a reply, Doc. # 74.

This Court lacks jurisdiction to grant Hadden the relief he seeks. After sentencing, this Court's power to modify an imposed term of imprisonment is extremely limited, and none of the qualifying circumstances are present here. *See* Fed. R. Crim. P. 35; 18 U.S.C. § 3582(c). "The Attorney General through the BOP, and not district courts, is authorized to compute sentence credit awards after sentencing." *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995).

Rule 36 of the Federal Rules of Criminal Procedure does not avail Hadden. That rule allows a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The rule authorizes the correction of clerical errors, the kind made by a clerk or scribe, not substantive alterations of the kind requested by Hadden. *See United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003)(reversing order utilizing Rule 36 to add forfeiture provision to J & C).

Section 5G1.3 of the Sentencing Guidelines does not provide Hadden an avenue of relief either. That Guideline permits the district court to credit time for guideline purposes at sentencing in order to impose a reasonable sentence. *See* U.S.S.G. § 5G1.3 & comment. (n. 2) (Nov. 2007). It does not apply after sentencing to authorize an award of credit.

Accordingly, Hadden's motion is *DENIED*.

This 5 day of June, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA